## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| CARL WHORTON AND RACHEL WILLIS, AS CO-ADMINISTRATORS OF THE ESTATE OF ELLA WHORTON, | ) ) ) ) ) |
| CARL WHORTON AS FATHER AND NEXT FRIEND OF A.W., A MINOR, | ) ) ) |
| RACHEL WILLIS, AS GUARDIAN AND NEXT FRIEND OF J.N., A MINOR, | ) ) ) ) |
| -and- | ) ) |
| GLINDA PHILLIPS, AS GUARDIAN AND NEXT FRIEND OF S.Z., A MINOR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE CO. (AIR); GENERAL ELECTRIC COMPANY; THE BOEING COMPANY; and VT SAN ANTONIO AEROSPACE, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

*Electronically Filed*

Civil Action No. 3:26-cv-006-CHB
**(Jefferson Circuit Court No. 25-Cl-010845)**

## NOTICE OF REMOVAL

Defendants United Parcel Service Co. ("UPS Co.") and United Parcel Service, Inc. ("UPS Inc.") (collectively "Defendants" or "UPS Defendants"), by their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove the above-styled action from the Jefferson Circuit Court, Jefferson County, Kentucky, to the United States District Court for the Western

180560903.1

District of Kentucky, Louisville Division.  In support of removal, UPS Defendants state the following:

1.      Plaintiffs Carl Whorton and Rachel Willis, as Co-Administrators of the Estate of Ella Whorton; Carl Whorton, as Father and Next Friend of A.W., a Minor; Rachel Willis, as Guardian and Next Friend of J.N., a Minor; and Glinda Phillips, as Guardian and Next Friend of S.Z., a Minor (collectively, "Plaintiffs"), brought an action against Defendants in the Jefferson Circuit Court, Commonwealth of Kentucky, said action being designated as Case No. 25-CI-010845 ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiffs' Complaint ("Complaint") is attached hereto as **Exhibit A**.

2.      Plaintiffs' Complaint was filed on December 17, 2025. A copy of the Complaint was received by UPS Defendants on or after December 17, 2025. UPS Inc. received formal service of process by delivery of the Summons and Complaint on December 30, 2025, to its registered agent for service of process.  UPS Co. received formal service of process by delivery of the Summons and Complaint on December 30, 2025, to its registered agent for service of process. This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(b)(1), which provides, in relevant part, as follows: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." This Notice of Removal has, thus, been filed within 30 days after receipt by UPS Defendants, through service or otherwise, of a copy of the Complaint.

3.      According to the Complaint, Plaintiffs Carl Whorton and Rachel Willis are the representatives of an individual, Ella Whorton, who was killed as a result of the November 4, 2025 crash of UPS Flight 2976.  Plaintiff Carl Whorton also represents, as father and next friend, A.W.,

- 2 -

a minor daughter of Ella Whorton. Plaintiff Rachel Willis is also the Guardian and next friend of J.N., a minor daughter of Ella Whorton. Plaintiff Glinda Phillips is the Guardian and next friend of S.Z., a minor daughter of Ella Whorton.

4.        Plaintiffs' Complaint does not claim a specific amount in damages. However, the Complaint sets forth claims for wrongful death, survival, loss of parental consortium and punitive damages, alleging specifically that, "Decedent suffered fatal injuries causing her death," and that "damages recoverable under KRS 411.130, include loss of earning power, loss of consortium to statutory beneficiaries, mental anguish, funeral and burial expenses, and all other elements of wrongful death damages permitted by Kentucky law." (Complaint, ¶ 66). Plaintiffs also seek, on behalf of A.W., J.N, and S.Z., Ella Whorton's minor children, "all damages to which A.W., J.N., and S.Z. are entitled under common law and KRS 411.135 for A.W., J.N., and S.Z.'s loss of parental consortium [.]" (Complaint, ¶ 86.)

5.        In addition, the Complaint alleges that the Decedent "experienced conscious pre-impact fright and terror, pain, suffering, emotional distress, and other injuries…," and that she incurred "physical pain, mental anguish, loss of enjoyment of life, and other damages recoverable under Kentucky's survival statute." (Complaint, ¶¶ 102 & 103.) Finally, the Complaint also alleges a claim for punitive damages. (Complaint, ¶ 209.) As such, UPS Defendants reasonably believe that the Complaint and the allegations therein contain "unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015).

**FEDERAL JURISDICTION**

6.        Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

- 3 -

7.     The amount in controversy here exceeds $75,000, exclusive of interest and costs, because Plaintiffs seeks damages arising out of the death of Ella Whorton, who was 31 years old at the time of her death.  (Complaint, ¶ 2.)  Plaintiffs also seek punitive damages against all defendants.  (Complaint, ¶ 209.)

8.     Ella Whorton was a resident and citizen of Kentucky at the time of the accident. (Complaint, ¶ 2.)  As such, pursuant to 28 U.S.C. § 1332(c)(2), Plaintiffs Carl Whorton and Rachel Willis, as Co-Administrators of The Estate of Ella Whorton, are considered citizens of Kentucky for diversity purposes.  Ella Whorton's three minor children, A.W., J.N., and S.Z., are residents/citizens of Arkansas, Kentucky, and Kentucky, respectively.  As such, pursuant to 28 U.S.C. § 1332(c)(2), Carl Whorton as Guardian and Next Friend of A.W, a minor, is considered a citizen of Arkansas for diversity purposes, and Rachel Willis, as Guardian and Next Friend of J.N., a minor, and Glinda Phillips, as Guardian and Next Friend of S.Z., a minor, are considered citizens of Kentucky for diversity purposes.

9.     UPS Co. is now and has at all relevant times been a corporation organized and existing under the laws of the State of Delaware.  (Complaint, ¶ 14.)  Plaintiff incorrectly states that the principal place of business of UPS Co. is Louisville, Kentucky.  *Id*.  The nerve center of UPS Co.'s business is located in Atlanta, Georgia, making Georgia UPS Co.'s principal place of business for purposes of determining diversity jurisdiction.  *See Devore v. United Parcel Service Co. (AIR)*, 2022 WL 509119 *2 (W.D. Ky. 2022) (holding that UPS Co.'s principal place of business for diversity purposes is in Georgia, and not Kentucky).  As such, UPS Co. is considered a citizen of Delaware and Georgia for diversity purposes.

- 4 -

180560903.1

10.     UPS Inc. is now and has at all relevant times been a corporation organized and existing under the laws of the State of Delaware and, having its principal place of business in Georgia, is considered a citizen of those two states for diversity purposes.  (Complaint, ¶ 13.)

11.     Defendant General Electric Company is now and has at all relevant times been a corporation organized and existing under the laws of the State of New York and, having its principal place of business in Ohio, is considered a citizen of those two states for diversity purposes.  (Complaint, ¶ 28.)

12.     Defendant The Boeing Company is now and has at all relevant times been a corporation organized and existing under the laws of the State of Delaware and, having its principal place of business in Virginia, is considered a citizen of those two states for diversity purposes. *Moise v. Boeing Co.*, 2024 WL 4405190, at *1 (C.D. Cal. July 31, 2024); (Complaint, ¶ 29.)

13.     Defendant VT San Antonio Aerospace, Inc. is now and has at all relevant times been a corporation organized and existing under the laws of the State of Texas and, having its principal place of business in Texas, is considered a citizen of Texas for diversity purposes. (Complaint, ¶ 30.)

14.     Accordingly, this case is removable pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship jurisdiction.

### ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

15.     In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal.  *See* 28 U.S.C. §§ 1441(a), 1446.  As set forth below, Defendants have satisfied the procedural requirements set forth in 28 U.S.C. §§ 1441 and 1446.

- 5 -

180560903.1

16.     Venue is proper.  The State Court in which this action was commenced is within this Court's district and division.  Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

17.     UPS Defendants timely file this Notice of Removal within thirty (30) days of receipt of Plaintiffs' Complaint in the State Court Action.  *See* 28 U.S.C. § 1446(b)(1).  UPS Defendants received Plaintiffs' Complaint on or after December 17, 2025. (*See* **Exh. A**).  As such, UPS Defendants timely file this Notice of Removal within thirty (30) days of receipt, through service or otherwise, of Plaintiffs' Complaint in the State Court Action.  *See* 28 U.S.C. § 1446(b)(1).  *See also Hayes v. American Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) "(hold[ing] that formal service is not a prerequisite to removal under § 1446(b)(1))."

18.     All the Defendants who have been properly joined and served have consented to the removal pursuant to 28 U.S.C. § 1446(b)(2)(A).  (*See* Boeing Consent, **Exh. B**; VT San Antonio Consent, **Exh. C**); General Electric Consent, **Exh. D.**)

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this document will be provided to Plaintiffs and to the Clerk of the Jefferson Circuit Court, Jefferson County, Kentucky, by serving upon Plaintiffs, and filing with the Clerk, a Notice of Filing of Notice of Removal.

**WHEREFORE**, this action is removed from the Jefferson Circuit Court, Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this 5th day of January, 2026,

/s/ *James T. Blaine Lewis*
James T. Blaine Lewis
Shane O'Bryan
William G. Carroll
**MCBRAYER PLLC**
500 W. Jefferson Street, Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
blewis@mcbrayerfirm.com
sobryan@mcbrayerfirm.com
wcarroll@mcbrayerfirm.com

*and*

Mark A. Dombroff *
Morgan W. Campbell*
Mark E. McKinnon*
James A. Eastwood*
**FOX ROTHSCHILD LLP**
2020 K Street N.W., Suite 500
Washington, DC 20006
Phone: (202) 461-3102
MDombroff@foxrothschild.com
MCampbell@foxrothschild.com
MMcKinnon@foxrothschild.com
JEastwood@foxrothschild.com
**Counsel for UPS Defendants**
*\*Pro Hac Vice Motion to be filed*

- 7 -

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically filed with the Clerk of the U.S. District Court by using the CM/ECF system, which will send a notice of electronic filing to the following on this 5th day of January 2026:

Sam Aguiar
Jonathan B. Hollan
**SAM AGUIAR INJURY LAWYERS, PLLC**
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 813-8890
sam@kylawoffice.com
jhollan@kylawoffice.com

*-and-*

Robert A. Clifford
Kevin P. Durkin
Bradley M. Cosgrove
Tracy A. Brammeier
Charles R. Haskins
John V. Kalantzis
Julia C. Brosnahan
**CLIFFORD LAW OFFICES, P.C.**
120 S. LaSalle Street, Suite 3600
Chicago, IL 60602
Telephone: (312) 899-9090
rac@cliffordlaw.com
bmc@cliffordlaw.com
tab@cliffordlaw.com
jcb@cliffordlaw.com
***Counsel for the Plaintiffs***

*/s/ James T. Blaine Lewis*
***Counsel for UPS Defendants***

180560903.1